# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MELISSA SCHWARTZ-NEMETH | : | Civil Action No.  25-13515 (ES) (LDW) |
| Plaintiff(s), | : | Hon. Leda Dunn Wettre |
| v. | : | **JOINT DISCOVERY PLAN** |
| MIDEA AMERICA CORPORATION, et al | : | |
| Defendant(s). | : | |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

Plaintiff asserts that this is a product liability case which arises from an allegedly defective A/C Unit designed, sold, manufactured, and/or distributed by MIDEA AMERICA CORPORATION and/or GD MIDEA AIR-CONDITIONING EQUIPMENT CO., LTD ("GD Midea") and/or COSTCO WHOLESALE CORPORATION. Plaintiff alleges there was a defect which caused water to pool in the air conditioner, which led to mold growth, and caused Plaintiff injuries. The product was ultimately recalled by Defendants as part of a national recall of approximately 1.7 million units. According to the recall notice, "Pooled water in the air conditioners can fail to drain quickly enough, which can lead to mold growth. Mold exposure poses risks of respiratory issues or other infections to some consumers." Plaintiff alleges a manufacturing defect, design defect, negligent failure to warn and/or strict liability failure to warn, among other counts as noted in the Complaint.

Defendant, Midea America Corporation, maintains the alleged window air conditioning unit (the "A/C Unit") (model MAW12V1QWT) was not defective notwithstanding its inclusion in a recall announced on June 5, 2025. Midea America denies manufacturing the air conditioning unit, as it was a distributor. Midea America lacks information about how the A/C Unit was installed, operated, and maintained by the Plaintiff. Further, Midea America asserts that it complied with applicable industry and governmental standards and that any alleged mold exposure and resulting illness (if any) to Plaintiff originated from sources unrelated to the A/C Unit.

Defendant, Costco Wholesale Corporation ("Costco"), maintains that the subject air conditioner unit was not defective for purposes of imposing liability. Likewise, Costco did not create or otherwise breach any express or implied warranties. In addition, Costco did not manufacture or design the subject air conditioner unit. To that end, Costco asserts that it is entitled to the "innocent seller" defense as to Plaintiff's claims. See Claypotch v. Heller, 823 A.2d 844, 851-52 (N.J. Super. Ct. App. Div. 2003); N.J. Stat. Ann. § 2A:58C-9. Finally, Costco contests the causal relationship and permanency of Plaintiff's alleged injuries.

2. Have settlement discussions taken place?   Yes_____   No ___x___

   If so, when? _____

    (a)    What was plaintiff's last demand?

        (1)    Monetary demand: $ _____
        (2)    Non-monetary demand: _____

    (b)    What was defendant's last offer?

        (1)    Monetary offer:   $ _____
        (2)    Non-monetary offer: _____

3. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

4. Describe any discovery conducted other than the above disclosures. None other than the above disclosures.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

At this time, the parties do not anticipate any motions prior to the completion of discovery, but this response is subject to amendment depending on the course of discovery.

6. The parties propose the following:

    (a)    Discovery is needed on the following subjects: Plaintiff anticipates seeking discovery concerning product manufacturing process, product design, notice of similar incidents, recall, ESI discovery, CPSC, product manuals, warnings, and depositions of employees and corporate representatives with knowledge of issues raised. Midea America anticipates seeking discovery concerning the A/C Unit at issue; Plaintiff's alleged injuries/damages; Plaintiff's medical history; Plaintiff's exposure to mold sources including at home; any mold testing and/or remediation; and Plaintiff's installation, operation, and maintenance of the A/C Unit; among others.

    (b)    Should discovery be conducted in phases?   No.

    (c)    Number of Interrogatories by each party to each other party: 25

    (d)    Number of Depositions to be taken by each party: No more than 10

    (e)    Plaintiff's expert report due on November 4, 2026

    (f)    Defendant's expert report due on January 20, 2027

    (g)    Motions to Amend or to Add Parties to be filed by April 3, 2026

    (h)    Dispositive motions to be served within 60 days of completion of discovery.

    (i)    Factual discovery to be completed by September 4, 2026

    (j)    Expert discovery to be completed by February 22, 2027

  (k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: The parties seek entry of a Confidentiality Order, pursuant to Appendix S of the United States District Court for the District of New Jersey's Local Civil Rules.

  (l) A pretrial conference may take place on <u>TBD</u>

  (m) Trial by jury or non-jury Trial? Trial by Jury, if necessary

  (n) Trial date: <u>TBD</u>.

7. Do you anticipate any discovery problem(s)? Yes_____ No ___x___
  If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes__x_____ No _____
If so, explain. Since GD Midea is based in China, it may take time to obtain service of process and discovery responses. Further, if GD Midea will not produce the witness(es) for deposition, additional time may be required to subpoena the witness(es) through foreign process service.

9. State whether this case is appropriate for voluntary arbitration (pursuant to <u>L. Civ. R.</u> 201.1 or otherwise), mediation (pursuant to <u>L. Civ. R.</u> 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

This case may be appropriate for mediation once the parties have exchanged some discovery and better assessed liability and the extent of Plaintiff's alleged damages.

10. Is this case appropriate for bifurcation? Yes_____ No ___x___

11. We do not consent to the trial being conducted by a Magistrate Judge.

           /s/ Jason Turchin, Esq.
          Attorney(s) for Plaintiff

           /s/ Douglas V. Sanchez, Esq.
          Attorney(s) for Defendant Costco

           /s/ Joshua Cohn, Esq.
          Attorney(s) for Defendant Midea America Corporation