

| Personal Injury | LAW OFFICES OF JASON TURCHIN | Life Insurance Disputes |
|---|---|---|
| Motor Vehicle Accidents | | Product Liability |
| Cruise Ship Injuries | | Medical Malpractice |
| Crime Victim's Rights | | Nursing Home Neglect |
| Wrongful Death | | Probate Litigation |

www.VictimAid.com
888-99-VICTIM

**SERVING ALL OF FLORIDA, NEW JERSEY, NEW YORK, AND WASHINGTON DC**

**Jason Turchin, Esq.***  * STATE BARS: FL, NJ, NY, DC
**Whitney Page, Esq.****  ** STATE BAR: FL, DC
**Javier F. Castro, Esq.*****  *** STATE BAR: FL

-----------------------------
**Office Manager: Francine Molina**

**Reply to Weston Office**

2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Phone       954-659-1605 x 210
Toll Free   800-655-1750 x 210
Fax         954-659-1380
Email       jason@victimaid.com

October 24, 2025

Honorable Esther Salas
United States District Court of New Jersey
50 Walnut Street
Newark, NJ 07102

    RE:    Melissa Schwartz-Nemeth v. Midea America Corporation, et al
            Case No. 2:25-cv-13515

Dear Judge Salas:

My office represents the Plaintiff, Melissa Schwartz-Nemeth, in the above captioned matter. We write, pursuant to Your Honor's individual General Pretrial and Trial Procedures to request leave from this Court pursuant to Federal Rule of Civil Procedure 4(f)(3), to request permission to serve the summons and amended complaint by alternative means upon Defendant, GD Midea Air-Conditioning Equipment Co., Ltd., incorporated in the People's Republic of China, by serving Jeffrey Rummel of ArentFox Schiff LLP, 1717 K St., NW, Washington, DC 20006, or alternatively, by serving Phil Hombroek of the Midea America Research Center (MARC) in Louisville, KY.

**I. The Federal Rules of Civil Procedure Contemplate Alternative Forms of Service, specifically cases like this.**

Rule 4(f)(3) provides the Court authority to direct serve an individual or entity in a foreign country "*by other means not prohibited by international agreement.*" *See Knit With v. Knitting Fever, Inc.,*

No. 08-4221, 2010 WL 4977944, at *3 (E.D. Pa. Dec. 7, 2010) Although China is a part of the Hauge Convention, China objected to Article 10 which addresses alternative methods of service.[1]

Rather than unnecessarily delay prosecution of this case and cause Plaintiff to incur significant expense through foreign process service, Plaintiff seeks to serve an agent or representative of the Defendant located in Washington, DC, or, alternatively, in Louisville, KY. In *In re LDK Solar Secs. Litig.* 2008 WL 2415186 at *2, (N.D. Cal. June 12, 2008), this Court authorized the Plaintiff to effectuate service on the Chinese defendants without the need to first attempt service through the Hague Convention's Chinese Central Authority, recognizing the advisory committee notes under Rule 4(f)(3) indicate the availability of alternate service of process without first attempting service by other means. *See We Sec. & Exch. Comm'n v. Dubovoy*, CV156076MCAMAH, 2016 WL 7217607, at *2 (D.N.J. Dec. 13, 2016).

**II. The Court Should Permit Plaintiff to Serve Defendant GD Midea Air-Conditioning Electronic Co., Ltd., via their US agent Jeffrey Rummel of ArentFox Schiff LLP, 1717 K St., NW, Washington, DC 20006, or, alternatively, Phil Hombroek of the Midea America Research Center (MARC).**

Both Jeffrey Rummel and Phil Hombroek are Defendant's US-based agents and/or representatives, and service on either would allow this case to proceed without further expense or delay. Rule 4(f)(3) requires only that alternative service be (1) directed by the Court; and (2) not prohibited by international agreement. *Bravetti v. Liu,* No. 12-GV-7492-MASTJB, 2013 WL 6501740, at *3 (D.N.J. Dec. 11, 2013). The notions of due process would not be hindered by allowing the Plaintiff to serve the Defendant via their agent at the research center (Phil Hombroek), or their designated US Agent for Service of Process (Jeffrey Rummel), and such service is not prohibited by international agreement. *Rio Properties, Inc. v. Rio Int'Z Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Midea agent Phil Hombroek held himself out as the agent of Defendant, GD Midea Air-Conditioning Equipment Co., Ltd., with regard to testing waivers and proceedings with the Department of Energy. *See Dept. of Energy, Case No. 2019-004; EERE-2019-BT-WAV-0009*. Mr. Hombroek is also Head of Regulatory and Compliance, NA, for Midea America, affiliate of Midea Group, which is the owner of Defendant, GD Midea Air-Conditioning Equipment Co., Ltd. Personally serving Mr. Hombroek would comport with Rule 4(f)(3). This method also satisfies the requirements under the Due Process Clause, as it would appraise the defendant of the pendency of the action and allow for the defendant to raise any objections. *See Knit With v. Knitting Fever, Inc.*, No. CIV.A. 08-4221, 2010 WL 4977944, at *4 (E.D. Pa. Dec. 7, 2010); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

Separately, this Court should permit service on Jeffrey Rummel of ArentFox Schiff LLP, 1717 K St., NW, Washington, DC 20006. In numerous filings with the F.C.C., including in 2025, Midea filed a "U.S. Agent Designation for Service of Process – Certification Attestation Letter" which designated Mr. Rummel as their U.S. Agent for Service of Process for Defendant, GD Midea Air-Conditioning Equipment Co., Ltd. and which was signed by a representative of Defendant, GD

---

[1] "In its Declarations and Reservations on the Hague Service Convention, China formally objected to service under Article 10, and does not permit service via postal channels."
https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html

Midea Air-Conditioning Equipment Co., Ltd. This U.S. agent designation is required by 47 CFR 2.911(7).

Alternative service would serve to significantly expedite the proceedings without undue hardship, cost and delay. Not only has Midea Group represented that Midea America Corporation is their U.S. Affiliate with Defendant, GD Midea Air-Conditioning Equipment Co., Ltd. as the manufacturer of the product at issue in the subject case, these Defendants are all named insureds on the same insurance policy and appear to have the same officer. Midea America Corp.'s Treasurer, Secretary and Director is Jian Fu. Upon information and belief, Jian Fu is presently President of Midea International at Midea Group, parent corporation of Defendant, GD Midea Air-Conditioning Equipment Co., Ltd. Midea Group's LinkedIn profile further states that it has locations in the United States, including in Parsippany, NJ, which would be Midea America Corp.

Plaintiff respectfully requests this Court to allow for alternative means of permissible service in this case. It would not delay or prejudice the other parties. Rather, it would expedite prosecution of this case for all parties.

Thank you in advance for your consideration of this matter.

Very truly yours,

Jason Turchin, Esq.

cc:     All Parties via CMECF