# Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200
Holland & Knight LLP | www.hklaw.com

Joshua Cohn
(212) 513-3374
joshua.cohn@hklaw.com

November 3, 2025

<u>VIA ECF</u>

The Honorable Leda D. Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK 3C
Newark, New Jersey 07101

   Re: *Melissa Schwartz-Nemeth v. Midea America Corporation, et al.*
      Case No.: 2:25-cv-13515-ES-LDW

Dear Judge Wettre:

  This firm represents Defendant Midea America Corporation ("Midea America") in this matter. We submit this letter in opposition to Plaintiff's request dated October 24, 2025 (ECF No. 24) for leave to effectuate alternative service on Defendant GD Midea Air-Conditioning Equipment Co., Ltd. ("GDM"), a Chinese corporation, pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion"). For the reasons set forth below, Plaintiff's request should be denied.

### I. Plaintiff's Motion is Premature Because Plaintiff Must First Seek Leave Of Court Prior To Filing A Motion

  Pursuant to Your Honor's Order dated October 20, 2025 (ECF No. 23, at ¶ 5), no motion may be filed without prior leave. Plaintiff's Motion, which seeks relief without first undertaking proper procedures, should be construed, at most, as a request for leave to file a motion.

### II. Plaintiff's Motion Is Premature Because Plaintiff Must First Attempt Service Under the Hague Convention Before Seeking Alternative Relief And Its Inexplicable Three-Month Delay Does Not Justify Bypassing That Requirement

  In this District, it is well-established that a party seeking alternative service under Rule 4(f)(3) must first make diligent efforts to effectuate service through traditional means to satisfy due process. *See RJ Brands, LLC v. Hangdong Trading Ltd.*, No. 21-CV-04747-JXN-ESK, 2021 WL 3206813 (D.N.J. July 28, 2021) (denying alternative service by email on a Chinese defendant and requiring plaintiff to make a good-faith effort to serve through the Hague Convention); *see also Celgene Corp. v. Blanche Ltd.*, No. CV16501SDWLDW, 2017 WL 1282200, at *2 (D.N.J. Mar. 10, 2017) (permitting alternative service on a defendant in the UAE, a non-party to the Hague Convention, only after plaintiff demonstrated extensive efforts to effectuate traditional service).

  Judge Wolfson has held that Rule 4(f)(1) mandates service through the Hague Convention when applicable, as a prerequisite to seeking alternative service under Rule 4(f)(3). *Cephalon, Inc. v. Sun Pharm. Indus., Inc.*, No. CIV.A. 11-5474, 2011 WL 6130416, at *5 (D.N.J. Dec. 7, 2011) ("Thus, it is only when there is no internationally agreed means or an international agreement allows but does not specify alternative means that a party may effect service by the alternatives in subsections (2) and (3)" of Rule 4(f)). This holding is consistent with *In re Bulk (Extruded) Graphite Prods. Antitrust Litig.*, No. CIV. 02-6030 (WHW), 2006 WL 1084093, at *2 (D.N.J. Apr. 24, 2006), which held that compliance with the Hague Convention is mandatory when serving a

foreign defendant in a signatory country, consistent with the Supreme Court's decision in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).

      Courts in the Third Circuit have consistently applied this principle. Indeed, in *D Squared Plant Traps LLC v. Guangdong Bixing Trading Co., Ltd.*, the court cautioned "[g]iven that its signatories acceded to the Hague Convention with the understanding that the treaty required service of process to be made according to the Hague Convention procedures, this Court is not prepared to substitute the Convention language for language that is not found therein in favor of a goal of facilitating international service, however tempting that substitution may be." 716 F. Supp. 3d 352, 358 (W.D. Pa. 2024) (requiring service on China's Central Authority as China's objection to Article 10 makes compliance mandatory absent urgency); *see also Graphic Styles/Styles Int'l LLC v. Men's Wear Creations*, 99 F. Supp. 3d 519, 523–25 (E.D. Pa. 2015) (denying alternative service, holding that Hague Convention procedures are mandatory); *Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157 (M.D. Pa. 2008) ("Where service is to occur in a country that is a signatory to the Hague Convention, compliance with the Convention is mandatory"); *Penn. Orthopedic Ass'n v. Mercedes-Benz A.G.*, 160 F.R.D. 58, 62 (E.D. Pa. 1995) (strictly enforcing Hague Convention requirements and rejecting noncompliance based on complexity or delay).

      Here, it is undisputed that GDM is a corporation in China and that China is a party to the Hague Convention.[1] Plaintiff initiated this lawsuit on July 18, 2025; yet, made no attempt to commence service until very recently.[2] Now, more than three months later, Plaintiff seeks to bypass the Hague Convention and proceed directly to alternative service. Plaintiff's conduct reflects its lack of urgency in serving GDM. Based on these facts alone, the Court should deny Plaintiff's request. Moreover, on October 29, 2025, Plaintiff's counsel represented that his office has finally initiated the Hague Convention process. In accordance with Third Circuit precedent, Plaintiff must allow that process an opportunity to run its course before seeking alternative service.

### III.    The Premature Alternative Service Proposed by Plaintiff Is Invalid

      Even assuming *arguendo* that Plaintiff has demonstrated a basis for alternative service, which it has not, the proposed method is invalid. Plaintiff suggests serving GDM by delivering process to Jeffrey Rummel of ArentFox Schiff LLP in Washington, D.C., an attorney who has represented GDM in an FCC matter, or Phil Hombroek, an employee of Midea America Research Center ("MARC"), in Louisville, Kentucky. Plaintiff fails to demonstrate that these individuals are lawfully authorized to accept service on behalf of GDM in this action.

      Even assuming Mr. Rummel is authorized under 47 CFR § 2.911, as Plaintiff claims, that authority is limited to administrative matters before the FCC, and does not extend to service in federal litigation. *Whoop, Inc. v. Shenzhen Lexqi Electronic Tech. Co., Ltd.*, No. 25-12690-FDS, 2025 WL 2938284, at *5 (D. Mass. Oct. 16, 2025), citing *Protecting Against Natl. Security Threats to the Comm. Supply Chain Through the Equip. Authorization Program*, 88 Fed. Reg. 7592, 7598

---

[1] China's objection to the Article 10 alternative service section of the Hague Convention, as Plaintiff notes, further undermines Plaintiff's requested relief, as such service runs afoul of Rule 4(f)(3), which permits alternative service only when it is "not prohibited by international agreement." *D Squared Plant Traps*, 716 F.Supp.3d at 357; *see also S.E.C. v. Dubovoy*, No. 15-6076, 2016 WL 7217607, at 2* (D.N.J. 2016) ("if a foreign country has agreed upon means of service in accordance with the Hague Convention, then any other means of service employed by a plaintiff would constitute 'means prohibited by international agreement[].'"

[2] Plaintiff's counsel belatedly began the process of addressing service on GDM only after the Court raised the issue in a related matter, *Vanessa Abusada v. Midea America Corporation, et al.*, 2:25-cv-13361-MCA-SDA.

#529448376_v1

(Feb. 6, 2023) (For purposes of 47 CFR § 2.911, service pertains to the delivery of notices and orders of administrative process related to FCC proceedings) (emphasis added). The functions of an administrative agency and the federal judiciary are distinct, and limited representation before the FCC does not encompass service in federal court, which has its own set of rules.

Mr. Hombroek is not an employee of GDM in China; he is employed at MARC, based in Louisville, Kentucky. GDM and MARC are separate and distinct, and they operate in different jurisdictions. Plaintiff's reference to Mr. Hombroek's alleged involvement in an administrative matter before the Department of Energy does not alter this reality. The DOE and the federal judiciary are separate branches of government, each governed by its own rules. Any alleged participation by Mr. Hombroek in a DOE proceeding does not establish authority to accept service of process in a federal lawsuit on behalf of GDM, an entity with which he has no employment relationship. Such a connection is far too attenuated to satisfy due process. *See United States ex rel. Thomas v. Siemens AG,* 708 F. Supp. 2d 505, 514 (E.D. Pa. 2010) ("In order for service of process upon an agent to be effective, the agent must have been actually appointed by the defendant for the specific purpose of receiving process").

To effectuate service, a party must prove actual appointment for the specific purpose of receiving process. *Nyholm v. Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009); *Siemens*, 708 F. Supp. 2d at 514 (finding insufficient evidence that a U.S. subsidiary had authority to accept service for a German parent entity). Plaintiff has not demonstrated that Mr. Rummel and Mr. Hombroek have been appointed by GDM to accept legal service of process on its behalf in judicial proceedings.

### IV.     The Cases Relied Upon By Plaintiff Are Distinguishable

The cases cited by Plaintiff are distinguishable. *S.E.C v. Dubovoy*, No. CV 156076 MCAMAH, 2016 WL 7217607 (D.N.J. Dec. 13, 2016) concerns service on persons in Russia, which repudiated Hague Convention obligations. Moreover, the case instructs: "if a foreign country has agreed upon means of service in accordance the Hague Convention, then any other means of service employed by a plaintiff would constitute 'means prohibited by international agreement[]." In *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 4977944 (E.D. Pa. Dec. 7, 2010), the court permitted alternative service only after exhaustive efforts to serve via the Hague Convention and other means. *In re LDK Solar Securities Litig.*, 2008 WL 2415186 (N.D. Cal. June 12, 2008) and *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) are irrelevant because they apply the Ninth Circuit approach, which courts in this Circuit have expressly rejected. *See D Squared Plant Traps LLC*, 716 F. Supp. 3d at 356-57 (California district courts "relied on overly broad reading of a decision from the Court of Appeals for the Ninth Circuit;" pointing out California district courts overlooked a footnote in the Ninth Circuit's *Rio* decision that "federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1))."

Thus, Plaintiff's premature request for leave to file a motion for alternative service should be denied, and its delayed attempt to serve GDM via the Hague Convention should be completed.

Respectfully submitted,

Joshua Cohn

cc:     All Counsel of Record (*via ECF*).

#529448376_v1